**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Sarah Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (SBN 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, CA 90024
Tel: (310) 438 - 5555;
Fax: (310) 300-1705

Attorneys for Plaintiff, ELIE MAALOUF, on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIE MAALOUF, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGRANA LOGISTICS, INC., a California corporation; AMAZON.COM SERVICES, LLC, A Delaware limited liability company; AMAZON.COM SERVICES, INC., a Delaware corporation, and DOES through 160, inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-07625-PA-PVC<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>State Action Filed: January 7, 2025<br>Removal Date: August 14, 2025<br><br>*(Ventura County Superior Court, Case No. 2025CUOE036978)*<br><br>**HEARING INFORMATION:**<br>**DATE:** October 20, 2025<br>**TIME:** 1:30 p.m.<br>**DEPT.:** 9A, 9th Floor<br><br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 20, 2025 at The United States District Courthouse, Central District of California in the First Street U.S Courthouse located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, Plaintiff moves this Court to remand this Action back to the State Court of California, County of Ventura where it belongs, and that the Clerk of the Court send a certified copy of the Order to the clerk of the State Court where the Action was originally filed, because this Court lacks subject matter jurisdiction over the Action. Specifically, Defendants' removal in timely and Defendants waived their right to remove this action. Plaintiff also moves for remand on the separate and independent ground that this Court lacks equitable jurisdiction over Plaintiff's claim for equitable relief under the California Unfair Competition Law, codified at California Business & Professions Code § 17200, *et seq*.

DATED: September 12, 2025

BIBIYAN LAW GROUP, P.C.

By: */s/ Rafael Yedoyan*

RAFAEL YEDOYAN
Attorneys for Plaintiff, ELIE MAALOUF, an individual and on behalf of all others similarly situated

# TABLE OF CONTENTS

**I. INTRODUCTION ..... 1**

**II. PROCEDURAL HISTORY ..... 3**

**III. LEGAL STANDARD ..... 5**

**IV. LEGAL ARGUMENT ..... 5**

A. The Amazon Defendants Have Waived Their Right To Remove This Action By Taking Affirmative Action That Would Have This Matter Adjudicated In State Court ..... 5

B. The Amazon Defendants Improperly Waited More Than Six Months After Service of Plaintiff's Complaint Before Removing This Action. ..... 9

C. Plaintiff's UCL Claims Should Be Remanded As This Court Lacks Equitable Jurisdiction ..... 14

**V. CONCLUSION ..... 17**

# TABLE OF AUTHORITIES

Statutes

28 U.S.C. § 1446(b) .................................................................... 1, 11, 14

28 U.S.C. §§ 1332, 1441, 1446 and 1453 ................................................ 4

Cases

*Acosta v. Direct Merchs. Bank*,
207 F. Supp. 2d 1129, 1131–32 (S.D. Cal. 2002)................................. 2, 6, 7

*Ambry Genetics Data Breach Litig.*,
567 F.Supp.3d 1130, 1147 (N.D. Cal. 2021) .......................................... 15

*Boone v. Amazon.com Servs., LLC*,
562 F. Supp.3d 1103, 1127 (E.D. Cal. 2022) ......................................... 15

*Capriole v. Uber Techs., Inc.*
7 F.4th 854, 869-870 (9th Cir. 2021)...................................................... 7

*Cates v. Allen*,
149 U.S. 451, 460-61 (1893) ................................................................ 16

*Chi-Fu Hsueh v. Bankers Life and Cas. Co.*,
421 F.Supp.3d 937, 942 (S.D.Cal. 2019)................................................ 10

*Clark v. Barrett Bus. Servs., Inc.*,
763 F. Supp. 3d 1122, 1127 (E.D. Cal. 2025) ........................................... 7

*Clevenger v. Welch Foods, Inc.*,
2023 WL 2390630, at 4-5 (C.D. Cal. Mar. 7, 2023 ................................. 16

*Fan v. Home Depot U.S.A., Inc.*,
2022 WL 16964099 at 3 (E.D. Cal. Nov. 16, 2022 ............................... 3, 15

*Fristoe v. Reynolds Metals Co.*,
615 F.2d 1209, 1212 (9th Cir. 1980) ..................................................... 10

*Garcia v. Wal-Mart Stores, Inc.*,
207 F.Supp.3d 1114, 1131 (C.D.Cal. 2016)). .......................................... 10

*Guaranty Trust Co. of N.Y. v. York*,
326 U.S. 99, 106 (1945)........................................................................ 14
*Guthrie v. Transamerica Life Ins. Co.*
561 F. Supp. 3d 869, 875 (N.D.Cal. 2021). .................................................. 14
*Harris v. Bankers Life and Cas. Co.*,
425 F.3d 689, 695 (9th Cir.2005) ............................................................... 11
*Hoover v. American Income Life Ins. Co.*,
206 Cal. App. 4th 1193, 1205-1206.............................................................. 8
*Jifkins v. Sweetzer*,
102 U.S. 177, 179 (1880)........................................................................... 8
*Kenny v. Wal-Mart Stores, Inc.*,
881 F.3d 786, 790 (9th Cir. 2018.) ...................................................... 2, 6, 13
*Kenny v. Wal-Mart Stores, Inc.*,
881 F.3d 786, 790 (9th Cir. 2018) ............................................................... 5
*Kuxhausen v. BMW Fin. Servs. NA LLC*,
707 F.3d 1136, 1140 (9th Cir. 2013) ........................................... 9, 10, 11, 12
*Lewis v. Verizon Communications, Inc.*
627 F.3d395, 399 (9th Cir. 2010) ................................................................. 5
*McGill v. Pacific Bell Telephone Company*,
139 F.Supp.3d 1109, 1115 (C.D. Cal. 2015) ................................................. 5
*Moore v. Permanente Medical Group*,
981 F.2d 443, 444 (9th Cir. 1992.) ......................................................... 2, 6
*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706, 721 (1996)........................................................................... 16
*Resolution Tr. Corp. v. Bayside Developers*,
43 F.3d 1230, 1240 (9th Cir. 1994) ......................................................... 2, 6
*Roth v. CHA Hollywood Med. Ctr., L.P.*,
720 F.3d 1121, 1125 (9th Cir. 2013) ........................................................... 12

*Schlesinger v. Councilman* (1975)
420 U.S. 738, 753-754 .......... 14
*Sharma v. Volkswagen AG*,
524 F.Supp.3d 891 .......... 2
*Sonner v. Premier Nutrition Corp.*
971 F.3d 834, 840 (9th Cir. 2020) .......... 14
*TopDevz, LLC v. LinkedIn Corp.*,
2021 WL 3373914, at 5 (N.D. Cal. Aug. 3, 2021) .......... 15
*Treinish v. iFit Inc.*,
2022 WL 5027083, at 3 (C.D. Cal. Oct. 3, 2022) .......... 15
*Twist v. Prairie Oil & Gas Co.*,
274 U.S. 684, 690 (1927) .......... 16
*Valdez v. Allstate Ins. Co*.
372 F.3d 1115, 1117 (9th Cir. 2004) .......... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully seeks to remand this Action to state court, where it properly belongs, on the following grounds:

1. **Waiver of Right to Remove**: Defendants Amazon.com Services, Inc. and Amazon Service.Com Services, LLC ("the Amazon Defendants") waived their rights to remove this Action by taking affirmative steps in state court that reflect an intent to have the matter adjudicated there. In particular, Villagrana's filing of a Motion to Compel Arbitration, along with the Amazon Defendants' joinder in that motion, constitutes a request for affirmative relief and contributes to its waiver of the right to removal. **(Dckt. #1, Exhibit G and Exhibit I.)**
2. **Untimely Removal**: The Amazon Defendants have clearly failed to meet the 30-day deadline for removal. The face of the Complaint provided sufficient information from which Amazon could have ascertained a basis for removal, thereby triggering the 30-day clock under 28 U.S.C. § 1446(b). Filing a Notice of Removal six months later is plainly untimely.
3. **Lack of Equitable Jurisdiction Under the UCL:** Moreover, because Plaintiff seeks restitution under the UCL without alleging the absence of an adequate remedy at law, the claim is not properly before this Court.

First and foremost, the Amazon Defendants **waived their right to remove** this action to federal court by taking clear, affirmative steps in state court that demonstrated their intent to litigate the case there. Specifically, the Amazon Defendants affirmatively filed a Joinder to Defendant Villagrana's Motion to Compel Arbitration, which serves as a **strategic, voluntary requests for substantive relief** that goes far beyond mere procedural responses. The Amazon Defendants' Joinder even specifically asks for affirmative relief, including but not limited to the dismissal of the class claims in this matter. This conduct, particularly when combined with the six-month delay and the timing of the removal amidst an active arbitration motion,

reflects classic forum manipulation. Courts have consistently found that such participation, including seeking arbitration in state court, constitutes a waiver of the right to remove. *Moore v. Permanente Medical Group*, 981 F.2d 443, 444 (9th Cir. 1992.); see generally *Acosta v. Direct Merchs. Bank*, 207 F. Supp. 2d 1129, 1131–32 (S.D. Cal. 2002); *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994); *Kenny v. Wal-Mart Stores, Inc*., 881 F.3d 786, 790 (9th Cir. 2018). Defendants cannot test the waters in state court and then remove the case only when it no longer serves their interests.

Furthermore, this court must conclude that the Complaint was removable on its face from the outset. The Complaint clearly revealed, on its face, the facts necessary to establish federal jurisdiction, if applicable, and Amazon, who had access to its own and Villagrana's employment data, could have easily determined removability by applying a reasonable amount of intelligence. Therefore, the 30-day removal window began when Defendants were served with the Complaint on January 15, 2025, and expired on February 13, 2025. Amazon's removal **more than six months later** was plainly untimely. Moreover, even if the Court were to find that the Complaint was not initially removable, Amazon cannot identify any subsequent filing or "other paper" that would have triggered a new 30-day removal window, as they themselves acknowledge in their Notice of Removal. **(Dckt. #1, ¶ 17.)** As a result, no valid second 30-day deadline exists, and the removal must be rejected as untimely.

Finally, remand is also warranted on the independent ground that the Court lacks equitable jurisdiction over Plaintiff's UCL claim for equitable relief. Here, Plaintiff seeks equitable remedies under the UCL seeking *inter alia* restitution a result of Defendants' law-breaking conduct. **(Dckt. #1, Exhibit A ¶¶ 79-83.)** Plaintiff does not plead that no adequate remedy at law exists for their restitution claim; indeed, the remedy Plaintiff seeks targets unpaid wages, which in federal court are "exactly the type of injury for which legal remedies are appropriate." *Sharma v. Volkswagen AG*, 524 F. Supp.3d 891, 908 (N.D. Cal. 2021); see also *Fan v. Home Depot U.S.A., Inc.*,

2022 WL 16964099 at 3 (E.D. Cal. Nov. 16, 2022) (holding that claim for restitution on California wage-and-hour claims failed to allege an inadequate remedy at law). Because this Court lacks equitable jurisdiction and Plaintiff can **only pursue this claim in state court**, remand is also appropriate on this ground.

## II. PROCEDURAL HISTORY

On January 7, 2025, Plaintiff Elie Maalouf ("Plaintiff"), on behalf of himself and all others similarly situated, filed a putative class action complaint, (hereinafter "Complaint"), in the Superior Court of the State of California for the County of Ventura against Defendants Villagrana Logistics, Inc., and any of its respective subsidiaries or affiliated companies within the State of California; Amazon.com Services, LLC, and any of its respective subsidiaries or affiliated companies within the State of California; Amazon.com Services, Inc., and any of its respective subsidiaries or affiliated companies within the State of California (collectively, with DOES 1 through 100 "Defendants" and collectively with Plaintiff, the "Parties") asserting class action causes of action for: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time Penalties; (6) Wage Statement Violations; (7) Unfair Competition. **(Dckt. #1, Exhibit A.)**

On or around January 15, 2025, service of the action was effectuated upon the Amazon Defendants. **(Declaration of Rafael Yedoyan ["Yedoyan Decl."] ¶2.)** On or around January 22, 2025, service of the action was effectuated upon Defendant Villagrana Logistics. **(Yedoyan Decl. ¶3.)** On or around April 9, 2025, the Parties attended the first Case Management Conference in the action. **(Yedoyan Decl. ¶4.)** None of the Defendants in the action expressed any intent to remove this action to federal court. On or around June 13, 2025, the Parties attended another Case Management Conference in the state court. **(Yedoyan Decl., ¶5.)** Once again, none of the Defendants expressed any intent on removing this action. To the contrary, all

that was expressed was that the Defendant intended to file a Motion to Compel Arbitration. **(Yedoyan Decl. ¶6, Exhibit A.)**

On June 30, 2025, Defendant Villagrana Logistics, Inc. filed their Motion to Compel Arbitration of Plaintiff's Individual Claims and the Dismissal of his Class Claims ("Motion to Compel".) On the **very same day,** the Amazon Defendants filed a Joinder to Defendant Villagrana Logistics, Inc. Motion to Compel Arbitration such that the arguments and relief sought in Defendant Villagrana Logistics, Inc. Motion to Compel. On or around July 25, 2025, Plaintiff filed an opposition to the Motion to Compel. On or around August 12, 2025, Defendant Villagrana Logistics, Inc. filed its reply with the Superior Court of Ventura County.

On or around August 14, 2025, **two days after Defendants' Motion to Compel Arbitration was fully briefed and only five days before the hearing on Defendants' Motion to Compel Arbitration was to be heard**, the Amazon Defendants filed a Notice of Removal based on the Class Action Fairness Act of 2005 ("CAFA"), codified at, inter alia, 28 U.S.C. §§ 1332, 1441, 1446 and 1453. (hereinafter "NOR"). Plaintiff hereby moves this Court to remand this action to the State Court where it was originally filed.

On or around August 19, 2025, Counsel for Plaintiff emailed Counsel for the Defendants informing them of Plaintiff's intent on filing a Motion to Remand. **(Yedoyan Decl. ¶7, Exhibit B.)** On or around August 26, 2025, Counsel for Plaintiff sent Counsel for Defendants' the basic grounds for Remand and agreeing to have a telephonic meet and confer on August 28, 2025 at 10:00am. **(Yedoyan Decl. ¶8, Exhibit C.)** On August 28, 2025, Counsel for Plaintiff met and conferred with Counsel for the Amazon Defendants to discuss Plaintiff's grounds for Remand. **(Yedoyan Decl. ¶9.)** The Parties could not reach an agreement, and therefore the instant motion became necessary.

///

///

## III. LEGAL STANDARD

A party seeking removal of an action to federal court have the burden of establishing grounds for federal jurisdiction in the case. *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004). Federal courts are courts of limited jurisdiction and strictly construe removal statutes against removal jurisdiction. *Id*. at 566; accord *McGill v. Pacific Bell Telephone Company*, 139 F.Supp.3d 1109, 1115 (C.D. Cal. 2015). Likewise, under CAFA, "the burden of establishing removal jurisdiction is, as it was before CAFA, on the party wishing to see the case in federal court. *Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 399 (9th Cir. 2010).

Furthermore, the moving party **must** remove an action within 30 days of receipt of a complaint if it is evident from the face of the complaint the amount in controversy. 28 U.S. Code § 1446 (b)(1). Alternatively, a "second" 30 day window opens if the moving party is served with some other document that it may be first ascertained that the case is one which is or has become removable. 28 U.S. Code § 1446 (b)(3). Finally, when a party takes a "clear and unequivocal" step towards having a matter adjudicated in State court, aside from those that are "necessary to avoid a judgment being entered automatically against him," then that party has waived the right to remove. *Kenny v. Wal-Mart Stores, Inc*., 881 F.3d 786, 790 (9th Cir. 2018). Courts have held that the filing of a Motion to Compel Arbitration is such an act that constitutes waiver of a parties right to remove. 1 CA Pretrial Civil Procedure: The Wagstaffe Group § 26-II (2025).

## IV. LEGAL ARGUMENT

### A. The Amazon Defendants Have Waived Their Right To Remove This Action By Taking Affirmative Action That Would Have This Matter Adjudicated In State Court

The Amazon Defendants undoubtedly waived their right to remove this case to federal court by taking affirmative action in state court that **clearly demonstrated its**

**intent to have the matter adjudicated there**. Before the removal of this action, the parties attended two hearings in state court, fully briefed a Motion to Compel Arbitration, the Amazon Defendants filed a joinder to benefit from the Motion to Compel Arbitration, and absolutely no intention to remove this case to federal court was ever made apparent to neither Plaintiff nor the Superior Court of California, County of Ventura. In fact, the only intention ever relayed to the Court of California regarding the direction of this case was that Defendants intended to have a hearing to adjudicate this matter on the merits in state court by filing a Motion to Compel Arbitration. **(Yedoyan Decl. ¶6, Exhibit A.)**

It is well-established within the Ninth Circuit and beyond that a defendant waives the right to remove by actively litigating in state court. While merely filing a responsive pleading may not constitute a waiver, a defendant waives the right to remove when it takes affirmative steps that clearly demonstrate an intent to submit to the jurisdiction of the state court and to abandon the federal forum. *Acosta,* 207 F. Supp. 2d 1129, 1131–32; *Resolution*, 43 F.3d 1230, 1240; *Kenny*, 881 F.3d 786, 790. Courts have found that a Motion to Compel Arbitration is such an act that constitutes a waiver of a party's right to remove. 1 CA Pretrial Civil Procedure: The Wagstaffe Group § 26-II (2025).

In *Moore v. Permanente Medical Group's*, the defendants had filed a motion to compel arbitration in state court, and actively litigated related matters, including seeking coordination of proceedings. *Moore*, 981 F.2d 443, 444. The Ninth Circuit repeated the District Courts evaluation that **such conduct, especially the filing of a motion to compel arbitration in state court, demonstrated a clear intent to litigate in that forum and therefore constituted a waiver** of the right to remove the case to federal court. *Id*. at 445.

While courts have found that filing, for example a counterclaim, does not necessarily constitute a waiver of the right to remove, as it is arising from the same transaction and occurrence, such reasoning is not comparable to a defendant's filing

of a motion to compel arbitration. See *Clark v. Barrett Bus. Servs., Inc.*, 763 F. Supp. 3d 1122, 1127 (E.D. Cal. 2025). A counterclaim of that kind may be viewed as a procedural response, often compelled by the nature of the litigation. In contrast, a motion to compel arbitration, as well as joining such a motion, are affirmative requests for relief that invoke the court's authority and are **voluntary and strategic steps that reflect a clear intent to engage with the state court process**, an intent far more indicative of waiver than a mere responsive pleading. There is no reason, for example, that the Amazon Defendants could not have filed their Notice of Removal and filed such a request for relief in federal court.

Here, Villagrana's motion to compel arbitration, and the Amazon Defendants active joinder, constitute **clear and voluntary participation in the state court proceeding**. This type of motion is not merely defensive or procedural, it seeks a substantive outcome that benefits Defendants by asking the court to enforce contractual rights, stay litigation, and dismiss class claims. Such a request for relief requires the court to exercise its authority and make determinations on the merits of the arbitration agreement. See *Capriole v. Uber Techs., Inc.,* 7 F.4th 854, 869-870 (9th Cir. 2021). Seeking such affirmative relief is not compelled by the procedural posture of the case and is instead a strategic choice that reflects a desire to resolve the matter in state court. "Participation in state court proceedings, such as seeking some form of affirmative relief, when the defendant is not compelled to take the action, constitutes a waiver of the defendant's right to remove to federal court." *Acosta,* 207 F. Supp. 2d 1129, 1132. Moreover, the timing and circumstances of the Amazon Defendants' affirmative action underscore that it waived its right to remove. The Amazon Defendants had access to the Complaint **for six months** before filing the NOR, and they chose to file the NOR in the midst of a pending Motion to Compel Arbitration, with a hearing scheduled **only five days after**. The Superior Court of California, County of Ventura, only received notice of the removal *on the eve* of the hearing date for the motion. **(Yedoyan Decl. ¶10.)** Such tactical behavior, attempting

to test the waters in state court, then removing only when the outcome appears unfavorable, is precisely what the law prohibits. "A party may not experiment on his case in state court, and, upon meeting unexpected difficulties, stop the proceeding and take the suit to another tribunal." *Jifkins v. Sweetzer*, 102 U.S. 177, 179 (1880).

Just as courts have found waiver of the right to arbitrate where a defendant delays and litigates in a manner inconsistent with arbitration, Defendants here have waived their right to remove by actively litigating in state court, including filing substantive motions, specifically, motions to compel individual arbitration, and seeking coordination of proceedings. See *Hoover v. American Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1205-1206 (2012).

Plaintiff anticipates the Amazon Defendants may argue that while a Motion to Compel Arbitration is an affirmative act for relief, the filing of a joinder is not. However, this is patently untrue and is contrary to the Amazon Defendant's own arguments in the Joinder. In the Amazon Defendants' Joinder, the Amazon Defendants specifically ask the state court for an order: "(1) compelling arbitration of Plaintiff's individual claims, including her individual Private Attorneys General Act ("PAGA") claims, pursuant to the terms of a valid and enforceable arbitration agreement; (2) dismissing class claims; and (3) staying proceedings pending completion of the individual arbitration." **(Dckt. #1, Exhibit I.)** The Amazon Defendants further argue they are entitled to relief under the arbitration agreement and Defendant Villagrana Logistics, Inc.'s Motion to Compel Arbitration "on three grounds: (1) Amazon is a third-party beneficiary of the Agreement; (2) Plaintiff is bound to arbitrate the claims against Amazon under the doctrine of equitable estoppel; and (3) based on Plaintiff's contention that Amazon is jointly liable under a joint-employer theory of agency." **(Dckt. #1, Exhibit I.)** The Amazon Defendant's Joinder is a motion for the state court to provide the Amazon Defendants with affirmative relief in the action and would effectively adjudicate most, if not all, of Plaintiff's claims on the merits, completely deciding the fate of Plaintiff's class claims. Should

the Amazon Defendant's request for relief that the Amazon Defendants specifically and affirmatively prayed for in their Joinder, then it would be a death nell on Plaintiff's class claims and the claims of thousands of other employees. The bandying of the Amazon Defendants' empty words do not change the fact that their Joinder is in fact an affirmative action that would adjudicate the claims in this matter and is therefore the exact type of action that would lead to the waiver of the Amazon Defendants' right to remove the action.

Accordingly, the Amazon Defendants, and Villagrana Logistics, Inc. for that matter, have undoubtedly waived their right to remove.

**B. <u>The Amazon Defendants Improperly Waited More Than Six Months After Service of Plaintiff's Complaint Before Removing This Action.</u>**

The Amazon Defendants argue that their removal is timely, asserting that Plaintiff's Complaint was not removable and that service of the Complaint did not trigger the 30-day removal clock. **(Dckt. #1, ¶ 17.)** However, this position ignores the Amazon Defendants' obligation to apply a "reasonable amount of intelligence" in assessing removability. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Indeed, the Amazon Defendants' untimely removal is mere gamesmanship on their part to abuse to judicial system. The Amazon Defendants are not new to this kind of litigation. As discussed *ad nauseum,* removal was only effectuated on the eve of the hearing on Defendants' Motion to Compel and Joinder. This removal was clearly only effectuated at this time to avoid a ruling on the merits of Defendants' motion by the Superior Court of California, County of Ventura.

The fact that the Complaint does not state exact figures does not relieve Amazon of this duty, especially where it already possessed sufficient information to ascertain removability, including through its close relationship with Villagrana. Under 28 U.S.C. § 1446(b)(1), the removal clock is triggered when the initial pleading makes removability reasonably apparent, not when it explicitly quantifies class size

or damages. Amazon cannot evade the statutory deadline by merely declaring the Complaint "indeterminate as to both class size and amount in controversy." (**Dckt. #1, ¶ 17**.) Its failure to act within the prescribed time frame renders the removal untimely.

There is no dispute between the Parties that Amazon filed its Notice of Removal well outside the 30-day window prescribed by 28 U.S.C. § 1446(b)(1), which began on January 15, 2025, the date Defendants were served with the Complaint and closed on February 13, 2025. Amazon did not file its Notice of Removal until August 14, **more than six months too late**. Thus, unless Amazon can prove that some exception to the general rule applies, the Notice of Removal was untimely and Plaintiff's "timely objection to [the] late petition will defeat removal[,]" regardless of whether the Court has jurisdiction over the Action or not. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). Although a "second" 30-day window may open upon the service of documents where a moving party could ascertain the amount in controversy, no such documentation has been served in this action. Thus this "second" 30-day window never opened.

A defendant cannot choose "to remain ignorant of the meaning of certain objective facts from which removability could easily have been ascertained, perhaps hoping it could rely on other papers to remove the matter at a later, more advantageous time." *Chi-Fu Hsueh v. Bankers Life and Cas. Co*., 421 F. Supp.3d 937, 942 (S.D.Cal. 2019) (quoting *Garcia v. Wal-Mart Stores, Inc*., 207 F. Supp.3d 1114, 1131 (C.D.Cal. 2016)). Thus, while a defendant doesn't need to "make extrapolations or engage in guesswork [,]" Defendant must "apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen,* 707 F.3d 707 F.3d 1136, 1140 (internal quotes omitted); compare *Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 695 (9th Cir.2005) (holding first 30-day window to remove action not triggered where "[t]he face of [plaintiff's] pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction ...."))

If, as Amazon claims, the amount in controversy exceeds $5 million, then Plaintiff's Complaint necessarily contained sufficient information on its face to render the case removable. In the very introduction, Plaintiff defines the proposed class as "current and former non-exempt California employees employed or formerly employed by Defendant" **(Dckt. #1, Exhibit A ¶ 1)** and sets forth the relevant time periods for each class claim. For example, the first cause of action of failure to pay overtime wages applies to a four-year period and includes Plaintiff and class members who worked shifts exceeding eight hours in a day, over forty hours in a week, or seven consecutive days in a workweek without receiving proper overtime compensation**. (Dckt. #1, Exhibit A ¶ 38.)** While Plaintiff does not have access to the precise employment and payroll data held by Defendants, the Amazon Defendants, especially given the close relationship to Villagrana, can readily determine class size based on the allegations. This does not require an inquiry into jurisdictional facts, rather, it simply requires applying a reasonable amount of intelligence to the face of the Complaint, as courts have held can be expected by defendants." *Kuxhausen,* 707 F.3d 1136, 1140.

Similarly, with respect to the amount in controversy, the Complaint provided more than sufficient information for the Amazon Defendants to calculate its alleged exposure. Even though a defendant is not required to engage in speculation or guesswork, they are expected to perform basic arithmetic using figures clearly stated in the Complaint. *Kuxhausen,* 707 F.3d 1136, 1140.

Here, the Complaint alleges specific statutory penalties, for example, $50 to $100 per wage statement violation **(Dckt. #1, Exhibit A ¶77)**, and clearly identifies the relevant class of affected employees, the applicable time periods, and the nature of each claim (e.g., inaccurate wage statements, unpaid overtime, and hours worked per day, **(Dckt. #1, Exhibit A ¶38, 39, 44, 51.)** With this information, and access to its own and Villagrana's employment records, Amazon was fully capable of calculating the amount in controversy. The burden does not fall on Plaintiff, who,

unlike Defendants, lacks access to detailed employment data, to plead exact damages figures prior to discovery or until Defendants elect to disclose that information. Allowing Defendants to withhold such data and delay removal until it becomes strategically advantageous would defeat the purpose of the 30-day deadline set forth in 28 U.S.C. § 1446(b). As the Ninth Circuit has made clear, "[a] defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Additionally, it is unpersuasive, and indeed, misguided, for Amazon to invoke cases like *Kuxhausen v. BMW Financial Services*, *Roth v. CHA Hollywood Medical Center*, and *Kenny v. Wal-Mart Stores, Inc.* in support of its removal. (**Dckt. #1, ¶¶ 14-17**.) These cases, when properly read in context, do not support Amazon's position, they directly undermine it.

For example, in *Kuxhausen*, the Ninth Circuit made clear that while the 30-day removal clock does not begin until removability is apparent, defendants are not permitted to play ignorant. *Kuxhausen,* 707 F.3d 1136, 1140. Instead, they are obligated to apply a "reasonable amount of intelligence" in evaluating whether a complaint is removable. *Id*. Far from shielding Amazon here, *Kuxhausen* reinforces that the allegations in Plaintiff's Complaint were sufficient to trigger the removal deadline, and defendants had the information and means to recognize that fact.

Similarly, *Roth* flatly rejects the notion that a defendant may delay removal for tactical advantage. *Roth,* 720 F.3d 1121, 1125. The court explicitly warned that defendants cannot ignore pleadings or other documents from which removability can be ascertained, only to remove when it becomes strategically convenient. *Id*. That is precisely what the Amazon Defendants did here, waiting through months of state court litigation, including filing motions, and only removing when it suited them. Citing *Roth* under such circumstances is self-defeating.

Finally, *Kenny* further undercuts the Amazon Defendants' position. It stands for the principle that a defendant can waive the right to remove by taking affirmative action in state court, such as seeking affirmative relief or otherwise engaging in litigation inconsistent with an intent to remove. *Kenny* 881 F.3d 786, 791. Here, Defendants did exactly that by affirmatively moving to compel arbitration and engaging in coordinated state court proceedings. Their conduct reflects a clear intent to submit to the state forum, and *Kenny* affirms that such conduct supports the finding of waiver.

In short, these cases do not support removal, they expose its procedural and strategic defects. Under the Amazon Defendants' suggested framework for removal, there is essentially no deadline for a party to remove an action to federal court. There is an inherent uneven distribution of information between an employee and employer, as the employer has all of the time data, pay data, policies, and even contact information for the putative class. Thus, complaints inherently have to be pleaded more broadly and cannot include precise damages. What the Amazon Defendants are suggesting would cause congestion in both state and federal court, allowing the parties to participate in extensive litigation, such as Motions to Compel Arbitration, attending several hearings, and participating in extensive discovery before the employer could decide to further delay litigation and remove an action to federal court at whatever point it so wishes. This has clear and obvious ramifications for courts, ramifications that CAFA clearly did not intend and is diametrically opposed to.

Regardless, the fact that the Amazon Defendants were able to remove this action at all without any additional documents served on them triggering the "second" 30-day window is evidence enough that the face of the complaint was so clear that it established more than $5,000,000 in controversy. Unlike in *Rea,* for example, there was no change in law or additional testimony/evidence brought to the record from Plaintiff that was not available to Defendants during the initial thirty-day period that would materially affect the calculation for the amount in controversy. *Rea v. Michaels*

*Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). No documents triggering removal were served on Defendants aside from the original complaint in this case served more than six months ago, Defendants simply took their own time filing the removal papers in a manner to abuse the removal process. Defendants were able to remove the action to federal court based on the original pleading this entire time. Given there was no additional documents served that would trigger removal, either Defendants' original removal documents are frivolous and filled with lies, or the complaint was clear enough for the Amazon Defendants to ascertain there is more than $5,000,000 in controversy the moment it was served. Thus, this action must be remanded.

### C. Plaintiff's UCL Claims Should Be Remanded As This Court Lacks Equitable Jurisdiction

A separate and independent ground for remand is the absence of federal equitable jurisdiction over all of Plaintiff's claims for relief, specifically, his claim under California's UCL for restitution of unpaid wages. **(Dckt. #1, Exhibit A ¶¶ 79-83.)** Plaintiff does not (and indeed cannot) plead facts in the Complaint sufficient to allow a federal court to grant or deny Plaintiff's substantive state-law claim for equitable relief. Because the Court thus lacks power to rule on Plaintiff's state-law claim for relief, remand is warranted independent of the absence of subject matter jurisdiction.

The doctrine of equitable jurisdiction limits the power of federal courts to hear civil actions independent and irrespective of the separate limitation of federal subject-matter jurisdiction. See *Schlesinger v. Councilman*, 420 U.S. 738, 753-754 (1975). "Equitable relief in a federal court is of course subject to restrictions[,]" most relevant among which is the traditional requirement in courts of equity that "a plain, adequate and complete remedy at law must be wanting." *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 840 (9th Cir. 2020) (quoting *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 106 (1945)).The Ninth Circuit has held that this rule applies to **all** claims for equitable relief in federal courts, regardless of whether federal or state substantive law

(such as the UCL) supplies the claimed right to relief. *Id*. at 841. Thus, "if the plaintiff cannot show a lack of adequate remedies at law, the court lacks equitable jurisdiction over the UCL claim. *Guthrie v. Transamerica Life Ins. Co.,* 561 F.Supp. 3d 869, 875 (N.D.Cal. 2021).

Here, Plaintiff seeks a legal remedy in the form of money damages identical to Plaintiff's claim for equitable restitution of unpaid wages owed under the UCL. The "key question" here is "whether damages would fail to make [Plaintiff] whole." *Treinish v. iFit Inc.*, 2022 WL 5027083, at 3 (C.D. Cal. Oct. 3, 2022). Moreover, courts in the Ninth Circuit have generally held that a plaintiff in federal court "must, at a minimum, *plead* that []he lacks adequate remedies at law if []he seeks equitable relief." *Guthrie*, 561 F.Supp. 3d 869, 875 (italics original). The Complaint does not allege any such facts, instead asserting that Plaintiff and class members are entitled to "Restitution of wages and benefits due which were acquired by means of any unfair business practice..." **(Dckt. #1, Exhibit A, Prayer (K).)** The relief that Plaintiff seeks through the equitable remedy of restitution, in other words, is the same remedy he could obtain at law in the form of money damages at law equaling the total amount of unpaid wages plus interest. Where Plaintiffs have not "distinguish[ed] [their] request for restitution from [their] request for damages," there can be no finding of an inadequate remedy at law. *Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1127 (E.D. Cal. 2022) (quoting *TopDevz, LLC v. LinkedIn Corp.*, 2021 WL 3373914, at 5 (N.D. Cal. Aug. 3, 2021)); see also *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp.3d 1130, 1147 (N.D. Cal. 2021) (plaintiff did not establish inadequate remedies at law because the requested relief targeted only "Defendants' *past* conduct" and thus plaintiff could be made whole through "compensatory damages for this past harm"). Unpaid wages claims under the Labor Code seek a quintessential legal remedy: money damages. See *Fan*, 2022 WL 16964099, at 3-4. Thus, Plaintiffs' claim for restitution falls outside of this Court's equitable jurisdiction.

Having found that Plaintiff's claim for restitution under the UCL is not properly before this Court, **the appropriate action is to remand this case back to state court**, where Plaintiff will be able to vindicate his substantive state-law rights. The Supreme Court has repeatedly held that remand of an action removed to federal court is appropriate where the action lied "beyond the equitable jurisdiction of the federal court[.]" *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927); see also *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) (holding that, "where the relief being sought is equitable in nature or otherwise discretionary," federal courts may "decline to exercise jurisdiction altogether by *either* dismissing the suit *or remanding it to state court.*") (emphasis added); *Cates v. Allen*, 149 U.S. 451, 460-61 (1893) (directing lower court to remand removed action to state court where federal court lacked equitable jurisdiction). Thus, the district court faced with an action over which it lacks equitable jurisdiction has discretion to either remand the action or dismiss it with instructions to permit the claim to be refiled in state court. *Quackenbush*, 517 U.S. 706, 721. Nor is this discretion limited by CAFA, which Congress passed to expand the federal courts' subject-matter jurisdiction over class actions and "did not purport to alter traditional equitable rules." *Guthrie,* 561 F. Supp. 3d 869, 879; see also *Clevenger v. Welch Foods, Inc.*, 2023 WL 2390630, at 4-5 (C.D. Cal. Mar. 7, 2023) (granting remand and rejecting defendant's argument that remanding action over which court lacked equitable jurisdiction "would create an end run around CAFA").

The Court should exercise its discretion to remand the Action to state court. It would not be consistent with principles of federalism to dismiss Plaintiff's claim, as Plaintiff has a substantive right under California law to seek restitution under the UCL for Defendant's Labor Code violations. Moreover, convenience and judicial economy counsel in favor of remanding the case as a whole back to state court and avoiding parallel litigation. In order to avoid wasting judicial resources and the resources of the Parties, this Court should exercise its discretion to remand the Action as a whole.

## V. CONCLUSION

In conclusion, all Defendants in this matter have not only waived their right to remove this action, but any removal would be unequivocally untimely at this juncture. Defendants cannot litigate this action in state court and file motions seeking affirmative relief, only to remove the action to federal court on the eve of the day that motion is to be decided. This court should reject this clear gamesmanship by Defendants and remand this action to state court.

Dated: September 12, 2025 BIBIYAN LAW GROUP, P.C.

*/s/ Rafael Yedoyan*

DAVID D. BIBIYAN
SARAH COHEN
RAFAEL YEDOYAN
Attorneys for Plaintiff, ELIE MAALOUF, and on behalf of himself and all others similarly situated