**MORGAN, LEWIS & BOCKIUS LLP**
Brian D. Fahy, Bar No. 266750
Eva M. Nofri, Bar No. 347894
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
brian.fahy@morganlewis.com
eva.nofri@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
Sarah Zenewicz, Bar No. 258068
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
sarah.zenewicz@morganlewis.com

Attorneys for Defendants
AMAZON.COM SERVICES LLC and
AMAZON.COM SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ELIE MAALOUF, an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

VILLAGRANA LOGISTICS, INC., a California corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; AMAZON.COM SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:25-cv-07625-MRA-DFM

**AMAZON'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Date: October 20, 2025
Time: 1:30 p.m.
Courtroom: 9A

## TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. PROCEDURAL BACKGROUND .......... 2

III. ARGUMENT .......... 3

- **A.** Amazon Did Not Waive Its Right to Remove. .......... 3
- **B.** The Removal Was Timely. .......... 8
- **C.** Lack of Equitable Jurisdiction Over One Claim Among Many Does Not Permit Remand of the Entire Case. .......... 12

IV. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Acosta v. Direct Merchants Bank*,
207 F. Supp. 2d 1129 (S.D. Cal. 2002) ........ 5

*Arminak v. Arminak & Assocs., LLC*,
No. LA CV16-03382 JAK (SSx), 2016 WL 10788359 (C.D. Cal. Dec. 7, 2016) ........ 5, 6

*Beighley v. F.D.I.C.*,
868 F.2d 776 (5th Cir. 1989) ........ 4

*Bruno v. Dr. Squatch, LLC*,
No. 2:24-cv-07798-JLS-JC, 2024 WL 5182414 (C.D. Cal. Dec. 19, 2024) ........ 12

*Capriole v. Uber Techs., Inc.*,
7 F.4th 845 (9th Cir. 2021) ........ 7

*Clark v. Barrett Business Services, Inc.*,
763 F. Supp. 3d 1122, 1126 (E.D. Cal. 2025) ........ 7

*Clevenger v. Welch Foods Inc.*,
No. SACV 23-00127-CJC (JDEx), 2023 WL 2390630 (C.D. Cal. Mar. 7, 2023) ........ 12

*Fain v. Biltmore Sec., Inc.*,
166 F.R.D. 39 (M.D. Ala. 1996) ........ 5

*Franklin v. HealthSource Glob. Staffing, Inc.*,
No. 23-cv-0662-AGS-DEB, 2024 WL 1055996 (S.D. Cal. Mar. 11, 2024) ........ 8, 10, 11

*Guthrie v. Transamerica Life Insurance Co.*,
561 F. Supp. 3d 869 (N.D. Cal. 2021) ........ 12

*Guzman v. Polaris Indus. Inc.*,
49 F.4th 1308 (9th Cir. 2022) ........ 13

*Harris v. Bankers Life & Cas. Co.*,
425 F.3d 689 (9th Cir. 2005) .......... 9

*Hoover v. Am. Income Life Ins. Co.*,
206 Cal. App. 4th 1193 .......... 7

*Hunter v. FCA U.S. LLC*,
No. 22-cv-06777-HSG, 2023 WL 4828013 (N.D. Cal. July 27, 2023) .......... 12

*Jifkins v. Sweetzer*,
102 U.S. 177, 179 (1880) .......... 7

*Kenny v. Wal-Mart Stores, Inc.*,
881 F.3d 786 (9th Cir. 2018) .......... 1, 4, 7, 12

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
707 F.3d 1136 (9th Cir. 2013) .......... 4, 9, 10

*Lee v. Am. Nat'l Ins. Co.*,
260 F.3d 997 (9th Cir. 2001) .......... 1, 12

*Mattel, Inc. v. Bryant*,
441 F. Supp. 2d 1081 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006) .......... 4

*Moore v. Permanente Med. Grp., Inc.*,
981 F.2d 443, 447 (9th Cir. 1992) .......... 6

*Oster v. Standard Life Ins. Co.*,
No. C 09-00851 SBA, 2009 WL 1260174 (N.D. Cal. May 6, 2009) .......... 5

*Pagone v. ABM Onsite Servs. – W., Inc.*,
No. CV-15-7921-MWF-RAO, 2016 WL 356019 (C.D. Cal. Jan. 29, 2016) .......... 5

*Prop. W., Inc. v. Kinsale Ins. Co.*,
No. 3:22-cv-530-W-BGS, 2022 WL 2116281 (S.D. Cal. June 13, 2022) .......... 5

*Ramirez v. Villagrana Logistics, Inc.*,
Case No. 8:25-cv-01821-MRA-DFM (C.D. Cal.) .......... *passim*

*Rangel v. Jaguar Land Rover N. Am. LLC*, No. 2:24-cv-02827-MRA-PD, 2024 WL 4869154 (C.D. Cal. Nov. 22, 2024) ........ 9

*Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014) ........ 11

*Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230 (9th Cir. 1994) ........ 4, 5, 7

*Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013) ........ *passim*

*Ruiz v. Bradford Exch., Ltd.*, No. 24-3378, 2025 WL 2473007 (9th Cir. Aug. 28, 2025) ........ 13

*Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710 (9th Cir. 2014) ........ 4

*Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*, No. CV 15-5099 PSG, 2015 WL 5471434 (C.D. Cal. Sept. 18, 2015) ........ 6

*Treinish v. iFit Inc.*, No. CV 22-4687-DMG, 2022 WL 5027083 (C.D. Cal. Oct. 3, 2022) ........ 12

*Vardanyan v. Mercedes-Benz USA, LLC*, No. 2:25-cv-01532-MRA-DFM, 2025 WL 1318005 (C.D. Cal. May 6, 2025) ........ 10

**Statutes**

28 U.S.C. § 1446(b)(1) ........ 8

28 U.S.C. § 1446(b)(3) ........ 8

28 U.S.C. § 1446(c) ........ 11

Class Action Fairness Act ........ 1, 9, 11, 12

Labor Code § 227.3 ........ 2

Unfair Competition Law ........ 1, 12

## I. INTRODUCTION

Plaintiff Elie Maalouf ("Plaintiff") does not dispute that the removal of this action by Defendants Amazon.com Services, LLC and Amazon.com Services, Inc.[1] ("Amazon") met the minimal diversity and amount-in-controversy requirements of the Class Action Fairness Act ("CAFA"). Instead, Plaintiff's motion flogs three other theories of remand, all of which are unavailing, while repeatedly misstating and misinterpreting the law along the way.

First, Amazon in no way waived its right to remove by filing a joinder to a co-defendant's motion to compel arbitration—a defensive action necessary to protect the status quo—and then promptly removing an indeterminate complaint "before any hearing was held, let alone any ruling issued" on the third party's motion. *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 792 (9th Cir. 2018).

Next, Plaintiff's claim that Amazon's removal was untimely is contrary to well-settled law. There can be no dispute that neither of the two potential 30-day deadlines applicable to CAFA removal were triggered. In the absence of any such trigger, a defendant may remove at any time based on its own information. *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013).

Finally, Plaintiff concedes he has an adequate remedy at law for his claim under the Unfair Competition Law, meaning this Court lacks equitable jurisdiction over that single cause of action. He asks that the whole case, including his other six claims, be remanded on this basis, but binding precedent mandates otherwise. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001).

Crucially, also pending before this Court is a first-filed, overlapping class action, *Ramirez v. Villagrana Logistics, Inc., et al.*, Case No. 8:25-cv-01821-MRA-DFM. The defendants (and counsel) in *Ramirez* are identical to those in this action,

---

[1] Amazon.com Services, LLC and Amazon.com Services, Inc. are erroneously named Defendants, because it was Amazon Logistics, Inc. that contracted with Villagrana Logistics, Inc. Furthermore, effective December 30, 2019, Amazon.com Services, Inc. converted to Amazon.com Services LLC.

Plaintiff is a putative class member in the earlier-filed *Ramirez*, and the claims in *Ramirez* completely subsume those here. Indeed, it is unclear what canny stratagem motivated Plaintiff's counsel to file this as a separate action in the first place. Amazon intends to move for this case's consolidation with *Ramirez*. To remand would splinter the action between this Court and a California state judge, inviting inconsistent rulings.

For the reasons set forth below, the Court should deny Plaintiff's Motion.

## II. <u>PROCEDURAL BACKGROUND</u>

On September 9, 2024, Plaintiff's counsel filed a putative class action on behalf of Raymond Ramirez ("Ramirez"), an employee of Defendant Villagrana Logistics, Inc. ("Villagrana"), against all three Defendants here. *See Ramirez v. Villagrana Logistics, Inc., et al.*, Case No. 8:25-cv-01821-MRA-DFM ["*Ramirez* Docket"], ECF No. 1-1. In the *Ramirez* matter's operative First Amended Complaint, Ramirez asserts ten causes of action, for: (a) unpaid overtime; (b) failure to pay minimum wages; (c) failure to provide meal periods; (d) failure to provide rest periods; (e) waiting time penalties; (f) wage statement violations; (g) failure to timely pay wages; (h) failure to indemnify for business expenses; (i) violation of Labor Code section 227.3; and (j) unfair competition. *See Ramirez* Docket, ECF No. 1-2. The putative class period in the *Ramirez* matter runs from September 9, 2020, to the present. Whether by accident or design, Ramirez delayed for nearly ten months, until July 3, 2025, before serving Amazon. *See Ramirez* Docket, ECF Nos. 1-4, 1-5.

On January 7, 2025, Plaintiff filed this lawsuit against the same Defendants in a different Superior Court. *See* ECF No. 1-1. Plaintiff's complaint (the "Complaint") asserts only seven causes of action, all of which appear in the *Ramirez* matter, for: (a) unpaid overtime; (b) failure to pay minimum wages; (c) failure to provide meal periods; (d) failure to provide rest periods; (e) waiting time penalties; (f) wage statement violations; and (g) unfair competition. *See id.*

The putative class period in the instant matter is shorter than in *Ramirez*, running only from January 7, 2021, to the present. In contrast to *Ramirez*, Plaintiff served the Complaint on Amazon timely, on January 15, 2025. *See* ECF Nos. 1-2, 1-3.

On February 28, 2025, Amazon filed an Answer to Plaintiff's Complaint consisting of a general denial and listing as its first affirmative defense "Arbitration." *See* ECF No. 1-5, at 3. Subsequently, Amazon neither served nor was served with discovery in state court. Amazon filed no motions and sought no exercise of judicial power there. As the state-court docket reflects, no substantive rulings or decisions were made in the case, and no hearings going to the matter's merits were held. *See* ECF No. 1-10.

On June 30, 2025, Villagrana filed a Motion to Compel Individual Arbitration, Dismiss Class Claims, and Stay Proceedings in this case. *See* ECF No. 1-8. Also on June 30, 2025, Amazon filed a joinder to Villagrana's motion. *See* ECF No. 1-9. Mere days later, on July 3, 2025, Ramirez finally chose to serve Amazon in the *Ramirez* matter. *See Ramirez* Docket, ECF Nos. 1-4, 1-5.

On August 4, 2025, Amazon removed the *Ramirez* action to this Court. *See Ramirez* Docket, ECF No. 1. On August 14, 2025, before Villagrana's motion to compel arbitration could be heard, Amazon removed this action to federal court and concurrently filed a Notice of Related Case indicating the existence of the *Ramirez* matter. *See* ECF Nos. 1, 4. On September 12, 2025, Plaintiff filed his Motion to Remand. *See* ECF No. 12. On September 15, 2025, this Court ordered this matter transferred to its calendar, indicating that the two cases "would entail significant duplication of labor if heard by different judges." *See* ECF No. 13.

## III. ARGUMENT

### A. Amazon Did Not Waive Its Right to Remove.

The circumstances under which a party may be found to have waived its right to remove are well settled. Waiver may occur where (1) "after it is apparent that the case is removable, [(2)] the defendant takes actions in state court that manifest

his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994). "A waiver of the right of removal must be clear and unequivocal." *Id.* (quoting *Beighley v. F.D.I.C.*, 868 F.2d 776, 782 (5th Cir. 1989)). An action taken "solely for the defensive purpose of preserving the *status quo*" does not "manifest an intent to litigate in state court, and accordingly, does not waive the right to remove." *Id.*

First, Amazon could not possibly have waived its right to remove, because it never became "apparent that the case [was] removable," as *Kenny v. Wal-Mart Stores, Inc.* illustrates. 881 F.3d 786, 790 (9th Cir. 2018). There, the Court concluded that, because the operative pleading was "indeterminate as to the amount in controversy," it was impossible for the defendant to have taken any "actions in state court '*after* it [was] apparent that the case [was] removable[.]'" *Id.* (emphasis in original) (quoting *Resol. Tr. Corp.*, 43 F.3d at 1240). Identically here, given Plaintiff's indeterminate complaint, that moment never arrived. Courts "will not 'charge defendants with notice of removability until [they have] received a paper that gives them enough information to remove.'" *Id.* at 791 (quoting *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013)). Thus, the crucial predicate event to a potential finding of waiver never even occurred. *See also Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1091 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006) (finding no waiver in the state-court filing of permissive counterclaims—an act that normally waives removal rights—when "it was not 'unequivocally apparent' that the case was removable" at the time).

Second, even if Amazon *had* ever received a document from which removability could have been ascertained—and it did not—Amazon took no action inconsistent with its right to remove. Amazon's few required and purely procedural appearances before the state court did not waive its right. *See Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 712 (9th Cir. 2014) (finding no waiver by

defendant's mere "appearances in state court," particularly when they occurred "before it became apparent that the case was removable"). Amazon filed an Answer, but that waived nothing. "It is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove." *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002). For that matter, even the mere *filing* of "a motion to dismiss," "if the state court has not yet ruled on it . . . does not indicate a waiver." *Arminak v. Arminak & Assocs., LLC*, No. LA CV16-03382 JAK (SSx), 2016 WL 10788359, at *13 (C.D. Cal. Dec. 7, 2016); *see also Pagone v. ABM Onsite Servs. – W., Inc.*, No. CV-15-7921-MWF-RAO, 2016 WL 356019, at *2 (C.D. Cal. Jan. 29, 2016) (explaining that because the "state court has not ruled on Defendant's summary judgment motion, there has been no adjudication on the merits and Defendant did not waive its right to removal").

Waiver will not occur "when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court." *Oster v. Standard Life Ins. Co.*, No. C 09-00851 SBA, 2009 WL 1260174, at *1 (N.D. Cal. May 6, 2009). A filing made "solely for the defensive purpose of preserving the *status quo*" is no waiver. *Resol. Tr. Corp.*, 43 F.3d at 1240; *see also Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 42 (M.D. Ala. 1996) (explaining that a "motion to stay and compel arbitration does not submit the merits of the underlying claim to the jurisdiction of the state court" but is instead "more properly characterized as an attempt to preserve the status quo"). Even filing a "compulsory cross-complaint" that affirmatively asserts new causes of action against a plaintiff "does not constitute a waiver of the right to remove." *Prop. W., Inc. v. Kinsale Ins. Co.*, No. 3:22-cv-530-W-BGS, 2022 WL 2116281, at *2 (S.D. Cal. June 13, 2022). This is because "under California law, a defendant is obligated" to protect itself by doing so, "or risk being unable to assert such claims in a later lawsuit." *Id.*

Here, Amazon's co-defendant Villagrana filed its motion to compel arbitration in state court, and Amazon took the purely defensive action of filing a joinder. Had it not done so, it would have risked waiving its right to compel arbitration. That filing was necessitated by the actions of a third party not under Amazon's control. "Actions taken in a state court proceeding by the non-removing defendants cannot waive the removing defendant's right of removal." *Arminak*, 2016 WL 10788359, at *12. The filing was required to preserve and defend Amazon's arbitration rights, which it asserted and maintained as early in the case as the first affirmative defense in its Answer. *See* ECF No. 1-5, at 3. "Defendants cannot be penalized for taking necessary defensive action . . . to preserve the status quo." *Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*, No. CV 15-5099 PSG (JPRx), 2015 WL 5471434, at *3 (C.D. Cal. Sept. 18, 2015) (quotation omitted).

Plaintiff's wishful misreadings of inapt cases change none of this. In *Moore v. Permanente Med. Grp., Inc.*, the Ninth Circuit described a district court's remand on a waiver theory. 981 F.2d 443, 447 (9th Cir. 1992). As Plaintiff inaccurately paraphrases it, the district court found that the mere "filing of a motion to compel arbitration in state court . . . demonstrated a clear intent to litigate in that forum and therefore constituted a waiver of the right to remove[.]" Remand Mot., ECF No. 12, at 12 (bold-face and underlining omitted). Not at all. First, the Court was not reviewing the propriety of the remand order, but only collateral issues related to an award of fees and costs related to remand. More importantly, the posture of the action was *post*-arbitration, and discussed a removal that had been attempted "after the state court had denied Defendants' motion to dismiss[.]" *Moore*, 981 F.2d at 445. The ruling described the district court's reasonable finding that "Defendants may not 'experiment' in state court and remove *upon receiving an adverse decision*." *Id.* (emphasis added). It said nothing about unheard motions to compel arbitration—which Amazon did not even file—being per se indicators of "clear intent to litigate in that forum."

*Clark v. Barrett Business Services, Inc.* actually seems tailor-made to defeat Plaintiff's own position: the *Clark* court found no waiver when its defendant had filed an allegedly permissive counterclaim prior to removing. 763 F. Supp. 3d 1122, 1126 (E.D. Cal. 2025). And it helpfully reiterates that "necessary defensive action . . . does not manifest an intent to litigate in state court[.]" *Id.* at 1127 (quoting *Resol. Tr. Corp.*, 43 F.3d at 1240). Plaintiff's citation to *Capriole v. Uber Techs., Inc.*, 7 F.4th 845, 869–70 (9th Cir. 2021) is even more baffling, as the cited passage discusses only whether certain injunctive relief was public or private in character.

Plaintiff also cites to the venerable *Jifkins v. Sweetzer* for the unremarkable proposition that a party "may not experiment on his case in state court, and, upon meeting unexpected difficulties, stop the proceeding and take the suit to another tribunal." 102 U.S. 177, 179 (1880). Plaintiff postulates, with no evidence, that Amazon "remov[ed] only when the outcome appear[ed] unfavorable." Remand Mot., ECF No. 12, at 14. Precisely what he bases this claim on goes unexplained. So does his assertion that Amazon sought "coordination of proceedings" in state court—presumably between this case and the first-filed *Ramirez* matter—which it did not. *Id.* Finally, as the *pièce de resistance*, Plaintiff urges the Court to consult *Hoover v. Am. Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1205–06. Not only is this a state-court case, but it concerns waiver of the right to *arbitrate*, not remove—ironically, the very motivator for Amazon's joinder in the first place.

Plaintiff does not dispute that Amazon removed this matter prior to any hearing on Villagrana's motion. *See* Remand Mot., ECF No. 12, at 13 (confirming that Amazon filed the Notice of Removal days before the scheduled hearing). No "experimenting" was done in state court, and nor could there be "before any hearing was held, let alone any ruling issued" on that motion. *Kenny*, 881 F.3d at 792. Amazon did not even file a motion; it was compelled to protect its interests by joining one.

Plaintiff's briefing is riddled with speculation that the removal must have been for some nefarious purpose: "tactical behavior, attempting to test the waters in state court." Remand Mot., ECF No. 12, at 13–14. In fact, if anyone should be tarred with the brush of gamesmanship, it is Plaintiff's counsel, who waited nearly *ten months* to serve Amazon in the *Ramirez* matter—conveniently, just *three days after* Amazon filed its purely defensive joinder in this action. Once Amazon was able to remove both cases simultaneously, it promptly did so, precipitating this manufactured, ramshackle waiver argument. Under no possible construction could Amazon be viewed as having waived its right to remove.

**B. <u>The Removal Was Timely.</u>**

Plaintiff's untimeliness argument betrays a fundamental misunderstanding of removal law and procedure. Amazon's removal was not untimely.

There are two events which—if they ever occur—will trigger a 30-day removal clock, within which time any defendant seeking to remove must do so, or else forever forfeit their removal rights. *See Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). Those two events are: (1) "receipt from the plaintiff of an initial pleading . . . from which it is ascertainable that the case is removable" or (2) receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* (citing 28 U.S.C. § 1446(b)(1), (b)(3)). If neither of these two triggering events ever occurs, a defendant may remove a CAFA-qualifying action "on the basis of its own information" at any time. *Id.*; *see also Franklin v. HealthSource Glob. Staffing, Inc.*, No. 23-cv-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024).

Plaintiff first argues that his "Complaint clearly revealed, on its face, the facts necessary to establish federal jurisdiction"—because Amazon "could have easily determined removability" by accessing "its own and Villagrana's employment data." Remand Mot., ECF No. 12, at 8. The argument defeats itself,

as this Court has recently explained. "[A] defendant is not obligated to 'look[ ] in its files within the first thirty days' after a case is filed to determine removability[.]" *Rangel v. Jaguar Land Rover N. Am. LLC*, No. 2:24-cv-02827-MRA-PD, 2024 WL 4869154, at *3 (C.D. Cal. Nov. 22, 2024) (Almadani, J.) (quoting *Kuxhausen*, 707 F.3d at 1141. Even where a defendant "'could have ventured beyond the pleadings to demonstrate removability ***initially***' . . . it is not '***obligated*** to do so.'" *Id.* (quoting *Kuxhausen*, 707 F.3d at 1141 n.3).

Rather, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* A complaint is "indeterminate," and thus does not trigger any removal clock, when it fails to "reveal on its face" that there is a "sufficient amount in controversy to support jurisdiction under CAFA." *See Roth*, 720 F.3d at 1125. A defendant has "no duty of inquiry if the initial pleading or other document is 'indeterminate,'" and it "does not lose the right to remove" if it does not promptly investigate. *Id.* This well- and long-settled "bright-line approach" is meant to avoid just this sort of wasteful "collateral litigation over whether the pleadings contained a sufficient 'clue'" for a defendant. *Harris*, 425 F.3d at 697.

Amazon could not determine the removability of this action from within the Complaint's four corners because it failed to identify the putative class size or the amount in controversy. It contained no allegations from which Amazon could calculate the amount in controversy using only the information in the pleading. It lacked any facts regarding the average or range of wages earned by putative class members, average hours worked during the applicable class period, or the number of meal and/or rest period violations during the applicable limitations period. Because the Complaint was indeterminate, and because Amazon had no obligation

to refer to "its own or Villagrana's employment data," the first 30-day removal clock was never triggered.

Plaintiff protests that the Complaint "defines the proposed class . . . and sets forth the relevant time periods for each class claim," so Amazon could have "readily determine[d] class size based on the allegations"—using the "precise employment and payroll data held by Defendants." Remand Mot., ECF No. 12, at 17. Plaintiff insists that Amazon is "expected to perform basic arithmetic using figures clearly stated in the Complaint," yet he points to no such "figures." *Id.* Nor can he, because none exist. Plaintiff utterly misreads the teaching of *Kuxhausen*, which charges removing defendants with "[m]ultiplying figures clearly stated in a complaint"—not with compiling their own data based on categories described in a pleading. 707 F.3d at 1140. As this Court has explained, "in *Kuxhausen*, the court 'decline[d] to hold that materials outside the complaint start the thirty-day clock.'" *Vardanyan v. Mercedes-Benz USA, LLC*, No. 2:25-cv-01532-MRA-DFM, 2025 WL 1318005, at *3 (C.D. Cal. May 6, 2025) (Almadani, J.) (quoting *Kuxhausen*, 707 F.3d at 1141); *see also Franklin*, 2024 WL 1055996, at *2 (explaining that where a "complaint provides no numerical estimations of class size, violation rates for any of its claims, or estimates of damages," a defendant is "unable to perform any calculations at all" without "reference to materials outside the complaint's four corners"). And when that is the case, "the law allows defendants to begin any investigation in their own time." *Id.*

Each of Plaintiff's points continually returns to the same basic misunderstanding: he insists that, with "access to its own and Villagrana's employment records, Amazon was fully capable of calculating the amount in controversy." Remand Mot., ECF No. 12, at 17. But Plaintiff, just as in *Franklin,* cites "no authority for the proposition that the removal clock starts when a defendant can be shown—even conclusively—to have 'known' that a case is

removable based on its independent information. That is because this is not the rule." 2024 WL 1055996, at *2.

Plaintiff's other timeliness argument reveals a gross misconception of when a defendant may remove based on its own information. Plaintiff argues: "Amazon cannot identify any subsequent filing or 'other paper' that would have triggered a new 30-day removal window . . . . *As a result, no valid second 30-day deadline exists*, and the removal must be rejected as untimely." Remand Mot., ECF No. 12, at 8 (emphasis added). Though it is far from clear, Plaintiff appears to fault Amazon for not waiting for a "new" window to open before removing. To the extent this argument is even intelligible, Plaintiff seems to be contending that a defendant may remove *only* during one of the two 30-day windows described in 28 U.S.C. § 1446(c). Nonsense. These "are not the exclusive periods for removal," as the very cases Plaintiff relies on make abundantly clear. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). Rather, they are limitations on the right to remove that become applicable *if and only if* they are ever activated. If they are not triggered at all, a "CAFA case may be removed at any time[.]" *Roth*, 720 F.3d at 1125; *Rea*, 742 F.3d at 1238 (explaining that "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time").

As the *Roth* Court noted, it is true that under this well-established regime, "the theoretical possibility of abusive gamesmanship remains"; a CAFA defendant might "wait until the state court has shown itself ill-disposed to defendant, or until the eve of trial in state court, before filing a notice of removal." 720 F.3d at 1126. But no such shenanigans occurred here. Amazon removed as soon as it could remove both cases simultaneously, "before any hearing was held, let alone any ruling issued" on Villagrana's motion, so it will forever remain a mystery what the state court's disposition might have been toward it. *Kenny*, 881 F.3d at 792. The

*Roth* Court proposed a "sufficient answer" to such hypothetical chicanery: "plaintiffs are in a position to protect themselves" simply by "provid[ing] to the defendant a document from which removability may be ascertained." 720 F.3d at 1126. This Plaintiff never did, and that omission is dispositive here. Because neither 30-day removal clock ever started to run, Amazon was free to remove this action at any time.

### C. Lack of Equitable Jurisdiction Over One Claim Among Many Does Not Permit Remand of the Entire Case.

Plaintiff's final argument is that this entire case should be remanded because this Court lacks equitable jurisdiction over his Unfair Competition Law ("UCL") claim. Remand Mot., ECF No. 12, at 20–22. Plaintiff cites no case holding that a class action removed under CAFA is subject to remand if it includes a UCL claim, because no such case exists. Indeed, "a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001); *see Bruno v. Dr. Squatch, LLC*, No. 2:24-cv-07798-JLS-JC, 2024 WL 5182414, at *3 (C.D. Cal. Dec. 19, 2024) (explaining that because the Court had "subject-matter jurisdiction over the bulk of Plaintiffs' claims pursuant to CAFA . . . remanding this entire action would not be the appropriate recourse"); *Hunter v. FCA U.S. LLC*, No. 22-cv-06777-HSG, 2023 WL 4828013, at *3 (N.D. Cal. July 27, 2023) (rejecting plaintiff's argument that the federal court's lack of jurisdiction over UCL claim required remand of entire class action). Plaintiff's reliance on *Guthrie v. Transamerica Life Insurance Co*., 561 F. Supp. 3d 869, 879 (N.D. Cal. 2021) and *Clevenger v. Welch Foods Inc.*, No. SACV 23-00127-CJC (JDEx), 2023 WL 2390630, at *1 (C.D. Cal. Mar. 7, 2023) is misplaced, as those courts found that they did not have jurisdiction over cases where the *only* claims were equitable in nature, whereas here the Court has clear jurisdiction over Plaintiff's six other claims. *See, e.g.*, *Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKx), 2022 WL

5027083, at *5 (C.D. Cal. Oct. 3, 2022) (distinguishing *Guthrie* on the ground that it "involved a situation where only the equitable claims remained").

Even if Plaintiff's entire case consisted solely of equitable claims—and it obviously does not—it would be reversible error for the Court to remand on this basis before "the removing defendant is given the opportunity to waive the adequate-remedy-at-law issue to keep the case in federal court." *Ruiz v. Bradford Exch., Ltd.*, No. 24-3378, 2025 WL 2473007 (9th Cir. Aug. 28, 2025). The most recent Circuit precedent explains that "[e]quitable jurisdiction is distinct from subject matter jurisdiction" and instructs that district courts are to treat "the adequate-remedy-at-law objection as waivable[.]" *Id.* at *7–8 (quoting *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022)).

## IV. CONCLUSION

Plaintiff does not dispute that Amazon's removal of this action met CAFA's minimal diversity and amount-in-controversy requirements. Because all three of Plaintiff's arguments are without merit, and because this action should in all events be consolidated with the first-filed, overlapping *Ramirez* matter, Amazon respectfully requests that the Court deny Plaintiff's Motion.

Dated: October 6, 2025

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Brian D. Fahy*
Brian D. Fahy
Sarah Zenewicz
Eva M. Nofri

Attorneys for Defendant
AMAZON.COM SERVICES LLC.