UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07625-MRA-DFM | Date | January 27, 2026 |
|---|---|---|---|
| Title | *Elie Maalouf v. Villagrana Logistics, Inc. et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING MOTION TO REMAND [12]**

Before the Court is Plaintiff's Motion to Remand Case (the "Motion").   ECF 12.   The Court read and considered the moving, opposing, and reply papers and held a hearing.   ECF 12, 15, 16, 21.   For the reasons stated herein, the Court **DENIES** the Motion.

## I.   BACKGROUND

Plaintiff Elie Maalouf, on behalf of himself and all others similarly situated, brings this class action lawsuit against Defendants Villagrana Logistics, Inc. ("Villagrana"), Amazon Logistics, Inc. ("Amazon"),[1] and Does 1–100.   ECF 1-1.   Plaintiff is a former employee who worked for Defendants from approximately March 2024 to July 2024.   *Id.* at 3.   Among other things, Plaintiff alleges that, for multiple years, Defendants required the class members to perform multiple work-related activities prior to clocking in or after clocking out, "fail[ed] to include all forms of remuneration" into the rate of pay, engaged in "detrimental rounding . . . [and] editing and/or manipulation of time entries," failed to provide adequate meal and rest breaks, and failed to properly implement an alternative workweek schedule (which led to further uncompensated labor).   *Id.* at 7–10.   Based on these allegations, Plaintiff brings claims for (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) waiting time penalties; (6) wage statement violations; and (7) unfair competition.   *See generally id.*

On January 7, 2025, Plaintiff filed his Complaint in Ventura County Superior Court.   ECF 1-1.   On June 30, 2025, Villagrana filed a motion to compel individual arbitration, dismiss class

---

[1] Although the complaint names Amazon.com Services, LLC and Amazon.com Services, Inc. as Defendants, in its notice of removal, Amazon Logistics, Inc. explains that Amazon Logistics is the proper defendant, because Amazon Logistics is the entity that contracted with co-Defendant Villagrana Logistics, Inc.   *See* ECF 1 at 2 note 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07625-MRA-DFM | Date | January 27, 2026 |
|---|---|---|---|
| Title | *Elie Maalouf v. Villagrana Logistics, Inc. et al.* | | |

claims, and stay proceedings.  ECF 1-8.  On the same day, Amazon joined Villagrana's motion.  ECF 1-9.  At the time Amazon filed its notice of removal, the state court had not ruled on the pending motion to compel arbitration.  *See* State Court Docket, Case No. 2025CUOE036978.

On August 14, 2025, Amazon removed the case to federal court based on diversity jurisdiction under the Class Action Fairness Act ("CAFA").  ECF 1.  On September 12, 2025, Plaintiff filed the instant Motion to Remand.  ECF 12.  Amazon opposed the Motion and Plaintiff replied.  ECF 15, 16.

## II.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) ("[a removal's propriety] may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion.").  The removing defendant bears the burden of establishing that removal is proper.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart*, 592 F.2d at 1064); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Under CAFA, diversity jurisdiction exists when there is diverse citizenship between at least one member of the class and one of the defendants, and where the alleged amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2).  Here, it is undisputed that the parties are diverse, and the amount-in-controversy requirement is met.  *See* ECF 12, 15.  However, Plaintiffs argue that Amazon's removal was untimely under 28 U.S.C. § 1446(b)(1).  Alternatively, Plaintiffs argue that Amazon waived its right to remove the case by joining Villagrana's motion to compel arbitration in state court..  Finally, Plaintiffs argue that the Court lacks equitable jurisdiction over Plaintiff's unfair competition claim and must remand at least that claim to state court.  ECF 12.

## III.    DISCUSSION

### A.    Timeliness of Removal

The Court begins by analyzing the timeliness of the removal.  Plaintiff argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07625-MRA-DFM | Date | January 27, 2026 |
|---|---|---|---|
| Title | *Elie Maalouf v. Villagrana Logistics, Inc. et al.* | | |

Amazon's removal was untimely under 28 U.S.C. § 1446(b)(1), because Amazon did not remove the case within 30 days of being served with the Complaint. ECF 12. Defendant disagrees, explaining that the face of the Complaint did not identify the proposed class size or the amount in controversy or provide any facts (such as average wages or hours worked by the class members) through which Amazon would be able to reasonably calculate the amount of money at issue. *Id.* at 14–15. It is undisputed that Plaintiff did not provide Amazon with any supplemental information beyond the initial Complaint.

With respect to the timing of removal, "[t]here are two different potential . . . deadlines." *Franklin v. Healthsource Glob. Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first potential deadline is triggered if an initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005); *see also* 28 U.S.C. § 1446(b)(1). "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered." *Avina v. Ford Motor Co.*, No. CV 23-10573 PA (Ex), 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024). The second potential deadline for removal is triggered after "the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). Beyond those two deadlines, a defendant may remove a case where it "could have ventured beyond the pleadings to demonstrate removability initially[.]" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) (internal quotation marks omitted). However, it is not "obligated to do so." *Id.* In *Kuxhausen*, the Ninth Circuit explained that a defendant is not obligated to "look[] in its files within the first thirty days" after a case is filed to determine removability because the court preferred a "clear rule" and was "unwilling to embroil the courts in inquiries 'into the subjective knowledge of [a] defendant[.]'" *Id.* at 1141 (quoting *Harris*, 425 F.3d at 696). Therefore, in *Kuxhausen*, the court "decline[d] to hold that materials outside the complaint start the thirty-day clock." *Id.*

Given that the Complaint did not provide "numerical estimations of class size, violation rates for any of its claims, or estimates of damages," the Complaint was not facially removable. *Franklin*, 2024 WL 1055996, at *2. Moreover, Plaintiff does not argue that he provided Amazon with "an amended pleading, motion, order, or other paper" sufficient to trigger the second removal deadline under 28 U.S.C. § 1446(b)(3). "[I]n such a situation, the law allows defendants to begin any investigation in their own time." *Id.* (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). Thus, the Court finds the notice of removal was timely filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07625-MRA-DFM | Date | January 27, 2026 |
|---|---|---|---|
| Title | *Elie Maalouf v. Villagrana Logistics, Inc. et al.* | | |

### B.    Waiver of Removal Rights

Plaintiff alternatively argues that Amazon waived its right to removal when it "filed a joinder to benefit from [Villagrana's] Motion to Compel Arbitration" and thereby "demonstrated a clear intent to litigate in that forum." ECF 12 at 12. The Court disagrees. Joining a motion to compel arbitration is not inconsistent with the right to remove—it shows a desire to resolve the matter outside *any* court, not a desire or intent to litigate in state court.

"[A] defendant 'may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest [an] intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.'" *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (citing *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d at 1240 (9th Cir. 1994)). Plaintiff relies heavily on *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992), but that case is distinguishable. In *Moore*, the parties submitted to arbitration and the arbitrator entered an award in favor of the defendants. Plaintiffs then filed a petition to vacate the award, and defendants filed a petition to confirm the award. *Id.* Plaintiffs also filed a related action (alleging bad faith) in a different county's superior court and defendants moved to transfer the actions to the same superior court and to "coordinate" the petitions. *Id.* at 445. After the superior court ruled against defendants, defendants removed the case to federal court. *Id.* The district court found that "Defendants had waived their right to remove because the notice of removal was filed after the granting of Defendants' request to transfer venue of the bad faith action and to coordinate the action with the petitions to confirm and vacate the award, and after the state court had denied Defendants' motion to dismiss Plaintiffs' petition to vacate the arbitration award." *Id.* The Ninth Circuit affirmed the district court's decision. *Id.*

Here, by contrast, Amazon's only involvement in state court has been to make procedurally required appearances and join another party's motion to resolve the action outside state court. ECF 15 at 9–11. Moreover, unlike in *Moore*, this case has been pending for a relatively short period of time, and Amazon did not take any other actions that reflect its intentions to litigate in state court. In fact, once Amazon discovered the relevant jurisdictional facts, it moved to remove the action. *See Jian-Ming Zhao v. RelayRides, Inc.*, No. 17-CV-04099-JCS, 2017 WL 6336082, at *17 (N.D. Cal. Dec. 12, 2017) ("Defendants did not clearly and unequivocally waive their right to remove when they filed their motion to compel arbitration in California state court because at the time that motion was filed . . . Defendants apparently had not investigated the jurisdictional facts necessary to determine whether the case was removable. To the extent that CAFA does not 'saddle defendants' with the burden of conducting such investigation where a complaint is indeterminate, the Court also concludes that it would be inappropriate to find a waiver based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07625-MRA-DFM | Date | January 27, 2026 |
|---|---|---|---|
| Title | *Elie Maalouf v. Villagrana Logistics, Inc. et al.* | | |

Defendants' continued litigation in state court prior to conducting their own investigation of the jurisdictional facts"). Because "only clear and unequivocal waivers will defeat a party's right to remove to federal court," *Cal. Republican Party v. Mercier*, 652 F. Supp. 928, 931 (C.D. Cal. 1986), and no such waivers exist here, the Court finds that Amazon did not waive its right to removal.

**C.    Jurisdiction over the UCL Claim**

Plaintiff initially argued that the case should be remanded because the Court lacks equitable jurisdiction over his state unfair competition claim. ECF 12 at 20–22. Defendants responded that, if the Court found it lacked equitable jurisdiction over such claim, Defendants must be given the opportunity to waive the adequate-remedy-at-law issue so that the case may proceed in federal court. *See* ECF 15 at 17–18.

Equitable jurisdiction is "a doctrine that precludes federal courts from granting equitable relief when the plaintiff has an adequate remedy at law." *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 909 (9th Cir. 2025). In other words, a federal court may lack equitable jurisdiction where a plaintiff's "complaint in state court [seeks] only equitable relief, specifically equitable restitution, but not the legal remedy of damages." *Id.* "The remedies available in a UCL [claim or] . . . action are limited to injunctive relief and restitution." *In re Vioxx Class Cases*, 180 Cal. App. 4th 116 (2009); *see also Adir Int'l, LLC v. Starr Indem. Liab. Co.*, 994 F.3d 1032, 103 (9th Cir. 2021). However, "if a plaintiff files a lawsuit in state court seeking only equitable relief and the case is properly removed to federal court, a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." *Ruiz*, 153 F. 4th at 918.

Following the hearing on the instant Motion, on November 6, 2025, the parties filed a stipulation confirming that Defendants waived the adequate-remedy-at-law issue. ECF 22. Accordingly, the Court shall retain jurisdiction over the UCL claim.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

___ : ___

Initials of Deputy Clerk    mku